Dear Mr. Shamsie:
Your question concerns the legality of the simultaneous holding of two public offices. At the outset, we note that the Dual Officeholding and Dual Employment Laws, 42:61, et seq., would not prohibit one from holding full-time local employment and local elective office in a separate political subdivision. The prohibitions of the law at R.S. 42:63 are not implicated and will not be discussed further.
You have advised this office that for some time you have served in office as an elected member of the Acadia Parish School Board. You advise that by majority vote of the Acadia Parish Council on Aging you were approved as the new Executive Director of the council. Since that time concern has been expressed regarding the legality of your continued service as school board member should you accept employment with the council. The question has arisen because of the following policy adopted by the Governor's Office of Elderly Affairs:
 The Board shall ensure that any employee who runs for public office takes a leave of absence for the period of time (s)he is actively involved in the campaign. An employee shall be considered actively involved in the campaign from the time (s)he qualifies as a candidate to the time the votes are tabulated. If elected, the employee shall either resign or be terminated from employment.
This office has previously reviewed the validity of this policy in Attorney General Opinion 91-411, concluding that "it is, therefore, the opinion of this office that the State, through the Governor's Office of Elderly Affairs, may regulate the right of employees of parish voluntary councils on aging to engage in political activities." See Opinion 91-411, at age 2. Our conclusion was predicated upon the decision of the federal court in McCormick vs. Edwards, 646 F.2d 173 (5th Cir. 1981). McCormick was an unclassified employee of the Capitol District Law Enforcement Planning District who actively campaigned for an individual who was a candidate for the office of mayor of Baton Rouge. Governor Edwards fired McCormick for continuing to participate in campaigning. McCormick sued claiming that he was unlawfully discharged because of his political activities.
The court noted that a "non-civil service employee serves at the will of his superiors and can be discharged for any legitimate reason or even for no reason at all. However, he cannot be fired for exercising constitutionally protected rights unless some governmental interest outweighs the employee's interest in exercising those rights It cannot be denied that McCormick, like all citizens, has a constitutionally protected right to actively support, work for and campaign for a partisan candidate for political office or even to run for such office himself." See McCormick, supra, at page 175.
The court in McCormick held that the State's interest in prohibiting its employees from engaging in political activities outweighed the employee's right to engage in the political activities. The court concluded at page 178:
 Thus, state and federal governments can constitutionally discharge civil service employees for precisely the same activities engaged in by McCormick. It would be an anomaly for us to hold that Governor Edwards and Wingate White could not discharge McCormick, a non-civil servant serving at their will, for engaging in activities for which a civil servant could be discharged. McCormick's constitutional rights are no broader than those of other government workers.
Our research reflects that the McCormick decision remains sound authority. Thus, the conclusion of this office in Opinion 91-411, specifically, that the Governor's Office of Elderly Affairs may by its policy regulate the right of local employees of parish voluntary councils on aging to engage in political activities remains unchanged.
However, the posture of your situation is that you have not been formally hired by the local council on aging. The foregoing discussion is premature, in that the council can apply its policies only to those individuals who are considered employees on the payroll. Further, any other question you have concerning the appropriateness of the council's action or inaction in the hiring process is a matter of private concern and should be referred to your personal attorney for review.
Should you have other questions in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams